IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JIMMIE L. GORDON, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:06-976-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of March 1, 2002 due to back pain and hypertension. (R.pp. 57, 79-116).[2] Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g) (2000).

[2]At Plaintiff's administrative hearing, he amended his onset date to January 12, 2004. (R.p. 140).



a hearing before an Administrative Law Judge (ALJ), which was held on April 18, 2005. (R.pp. 138-153). The ALJ thereafter denied Plaintiff's claims in a decision issued May 26, 2005. (R.pp. 15-24). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-7).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.



"[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **Discussion**

A review of the record shows that Plaintiff, who was forty-six (46) years old when he alleges his disability began, has a high school education plus one year of technical school, with past relevant work experience as a machine oiler, electrician helper, and a lathe machine operator. (R.pp. 57, 74). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff was unable to perform any of his past relevant work, he nevertheless retained the residual functional capacity to perform a significant range of sedentary work,[3] and was therefore not disabled. (R.pp. 23-24).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to give appropriate weight to the opinion of Plaintiff's treating physician, by conducting a flawed credibility analysis and overstating the extent of Plaintiff's daily activities, and by failing to provide the vocational expert with an accurate hypothetical. However, after careful review and consideration of

---

[3]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).



the evidence and arguments presented, the undersigned finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act during the relevant time period, and that the decision should therefore be affirmed.

While Plaintiff's medical record does confirm that he suffers from hypertension as well as degenerative disk disease, both of which the ALJ specifically found were impairments that are "severe" within the meaning of the Social Security regulations; (R.p. 23, Finding No. 3); the question before this Court is not whether Plaintiff has or is suffering from these impairments, but whether substantial evidence supports the ALJ's finding that Plaintiff's impairments are not of a disabling severity. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) [the mere presence of impairments does not automatically entitle a claimant to disability benefits, there must be a showing of related functional loss]; Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual function limitations]. The record does contain substantial evidence to support this finding.

The record reveals that Plaintiff presented to Dr. Leland Stoddard, his treating physician,[4] on January 12, 2004[5] complaining of lower back pain incurred while raking his yard a week or two earlier. Plaintiff reported that, although he was experiencing pain "on an[d] off", he had generally done "reasonably well", and denied any numbness, pain or weakness in his legs. On examination Plaintiff demonstrated extreme limitation in his range of motion, with severe back pain and spasm. However, an x-ray showed only some minor degenerative disk changes. Plaintiff received

---

[4]Dr. Stoddard had previously performed a laminectomy and diskectomy on the Plaintiff in 1989. (R.p. 125).

[5]Plaintiff's amended disability onset date.

4



some prescription pain medication and was advised to start "gentle flexion exercises....". (R.p. 118).

Plaintiff was not seen again with regard to his complaints until April 15, 2004, when he presented to Beaufort-Jasper-Hampton Comprehensive Health Services complaining of both chest and back pain. Plaintiff's back was found to be tender with spasms, but was essentially normal on examination. Plaintiff was diagnosed with controlled hypertension and back pain and received a shot of Toradol.[6] (R.p. 90).

Plaintiff thereafter underwent a consultative examination on June 7, 2004, which was performed by Dr. Michael Blubaugh. Plaintiff exhibited a slightly slow gait, otherwise unremarkable, could only bend "about half way", and also could not squat. However, on examination both Plaintiff's upper and lower extremities were found to have 5/5 muscle strength with no edema, and his cardiovascular and pulmonary examinations were both negative. X-rays did confirm degenerative disk changes in Plaintiff's spine and he was diagnosed with hypertension, uncontrolled; dyspnea on exertion (based on self report); and lower back pain. (R.pp. 100-103).

Plaintiff's medical records were then reviewed by state agency physician Dr. Joyce Lewis on July 1, 2004, who completed a Physical Residual Functional Capacity Assessment in which she determined that Plaintiff was capable of medium work[7] with the ability to stand and/or walk (with normal breaks) for a total of about six hours in an eight hour work day, and sit (with normal breaks) for a total of about six hours in a normal work day. (R.p. 105). Dr. Lewis also opined that Plaintiff

---

[6] Toradol is a nonsteroidal anti-inflammatory drug used to relieve moderately severe, acute pain. It is prescribed for a limited amount of time (no more than 5 days for adults and as a single dose for children), not for long-term therapy. www.healthsquare.com.

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).



was limited to only occasional climbing of ramps, stairs or scaffolds, but had no other postural limitations. (R.p. 106). A second state agency physician, Dr. Richard Weymouth, reviewed Plaintiff's medical records on September 8, 2004 and came to the same conclusions as Dr. Lewis. (R.p. 111).          Finally, a second consultative physical examination was performed by Dr. Jeffrey Reuben on November 23, 2004. Dr. Reuben's review of Plaintiff's cardiovascular and respiratory systems were both negative, and he was found to have adequate heel-toe gait with no significant balance problems. Plaintiff exhibited a decreased range of motion of his low back on examination, although he was found to have adequate range of motion of his cervical and thoracic spine, as well as adequate range of motion of the bilateral shoulders, elbows, wrists, hips, knees and ankles. Muscle testing again revealed 5/5 muscle strength, with lumbar spine x-rays revealing mild degenerative disk disease at multiple levels. Dr. Reuben diagnosed Plaintiff with low back pain with no progressive motor deficits, noted that Plaintiff was not interested in surgical intervention, and stated that he was "slightly unsure why [Plaintiff] has come to see me." (R.pp. 125-128).

The ALJ reviewed this medical evidence in his decision, and after consideration of this evidence and Plaintiff's subjective testimony determined that Plaintiff retained the residual functional capacity for sedentary work with a sit/stand option (specifically finding that Plaintiff could sit for six hours in an eight hour work day and walk and stand for the remainder), with an inability to climb ladders, scaffolds, or ropes or to work around hazards. (R.p. 20). The records from Plaintiff's treating and examining physicians cited hereinabove provide substantial evidence to support these findings; see Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to assessments of examining physicians]; Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial

6



evidence in support of a finding of non-disability]; as do the opinions of the non-examining state agency physicians. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner]. In fact, the ALJ noted in his opinion that the state agency physicians actually found that Plaintiff could perform work at a greater level of activity, but that based on his review of the entire record he determined that Plaintiff was only capable of sedentary work with the limitations noted. (R.p. 20); see Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve any conflicts in that evidence].

Plaintiff argues that in reaching his decision the ALJ improperly discounted the opinion of his treating physician, Dr. Stoddard. The record reflects that Dr. Stoddard provided a "To Whom It May Concern" letter on August 31, 2004, in which he opined that "[a]t this point I feel [Plaintiff's] condition renders him incapable of any remunerative employment." (R.p. 116). In this letter, Dr. Stoddard recounted Plaintiff's history of a 1989 laminectomy, following which he had done "reasonably well", but opined that Plaintiff had had a "marked increase in his lower back pain as well as pain and weakness radiating to the right leg...within the last few months....". Id. The ALJ did not accept this opinion, however, noting that Dr. Stoddard's statement was not based on any clinical evidence or examination of the Plaintiff on August 31, 2004, that it had in fact been almost eight months since Plaintiff had last been examined by Dr. Stoddard, and that this opinion was contrary to the medical evidence in the case. (R.p. 20); see Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [rejection of treating physician's opinion justified where the treating physician's opinion was inconsistent with substantial evidence of record]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]. The ALJ

7



further noted that Dr. Stoddard's statement that he did not believe Plaintiff was able to work was not itself a medical opinion, but was instead an opinion on an issue reserved to the Commissioner. See Ellis v. Barnhart, 392 F.3d 988, 994-995 (8th Cir. 2005) [medical source opinion that applicant is disabled or unable to work involves issue reserved to Commissioner and is not type of opinion to which controlling weight should be given]; Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) [physician opinion that a claimant is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"];  20 C.F.R. § 404.1527(e) ["a statement that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"]. After careful review of the evidence and decision in this case, the undersigned can find no reversible error in the ALJ's handling of Dr. Stoddard's "To Whom It May Concern" letter of August 31, 2004.  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) [treating physician's opinion does not automatically control since the ALJ must evaluate the record as a whole]; Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) [treating physician's statement of disability, where it had been a long time since the physician had actually seen the plaintiff, properly given lesser weight]; Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [consideration must be given to the entire record].

Plaintiff's argument that the decision should be reversed because the ALJ conducted a flawed credibility analysis, including overstating the extent of Plaintiff's activities of daily living, is also without merit.  The ALJ reviewed Plaintiff's testimony regarding the nature and extent of his limitations, discussed Plaintiff's own statements as set forth in an "activities questionnaire" dated November 21, 2004, and reviewed the medical evidence, noting inconsistencies in Plaintiff's testimony and concluding that Plaintiff's testimony as to the severity of his symptoms and



limitations was not fully credible. (R.pp. 18-20). The undersigned does not find that the ALJ mischaracterized Plaintiff's statements as set forth in the activities questionnaire; see (R.pp. 18-19, 129-137); and the undersigned can otherwise find no reversible error in the ALJ's treatment and consideration of this evidence. The ALJ thoroughly reviewed both the medical evidence and Plaintiff's testimony as to the extent of his impairments and pain in reaching his decision, carefully discussing the evidence in making his findings. Hunter, 993 F.2d at 35 [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; Mickles, 29 F.3d at 925-926 [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; see Cruse v. Bowan, 867 F.2d 1183, 1186 (8th Cir. 1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of disability"].

Finally, Plaintiff's complaint that the ALJ failed to provide the vocational expert with a proper hypothetical is without merit. The record shows that the ALJ provided a hypothetical to the vocational expert that reflected the limitations found to exist by the ALJ, in response to which the vocational expert identified jobs in the local and national economy that Plaintiff could perform with these limitations. (R.pp. 151-152). While the ALJ did also testify that, if he accepted Plaintiff's version of his limitations as being fully credible, there would be no work that Plaintiff could do with those limitations; (R.p. 152); the ALJ was not required to include Plaintiff's alleged limitations in his hypothetical, as he did not find that Plaintiff had limitations as severe as those claimed. Prosch,

9



201 F.3d at 1015 [ALJ not required to include impairments in hypothetical that he did not find were supported by the record]; Fischer v. Barnhart, 56 Fed.Appx. 746, 748 (8th Cir. 2003) [ALJ was not required to include limitations in hypothetical that were based on opinions which the ALJ had discounted]; Williams v. Halter, 42 Fed.Appx. 935, 938 (9th Cir. 2002) [vocational hypothetical given by ALJ was not required to include limitations alleged in evidence that ALJ had discounted]; Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]. This claim is therefore without merit.

## Conclusion

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 5, 2007

